**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA R. HOWLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23CV14 JAR |
| | ) | |
| MARTIN J. O'MALLEY,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Plaintiff Cynthia R. Howlett's application for disability and disability insurance benefits ("DIB") under Title II, 42 U.S.C. §§ 401, *et seq*. For the reasons discussed below, the decision of the Commissioner will be affirmed.

**Background**

On March 11, 2021, Plaintiff protectively filed an application for a period of disability and DIB with an alleged onset date of February 28, 2021. Plaintiff claimed disability due to degenerative joint disease, high blood pressure, and depression. After Plaintiff's application was initially denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A video hearing was held on July 28, 2022. Plaintiff was represented by counsel at the hearing, and the ALJ heard evidence from both Plaintiff and an impartial vocational expert ("VE"). After considering the testimony and record evidence, the ALJ issued an unfavorable decision on August

---

[1] Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley should be substituted, therefore, for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

10, 2022. The Appeals Council denied Plaintiff's request for review of this decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner. *See Sims v. Apfel*, 560 U.S. 103, 107 (2000).

## Facts

The Court adopts Plaintiff's Statement of Material Facts [ECF No. 18-1] and Defendant's Response [ECF No. 21-1]. These statements provide a fair and accurate description of the relevant record before the Court. Additional specific facts from the record, including Plaintiff's testimony and medical records, will be discussed as necessary to address the parties' arguments.

## Legal Standard

To be eligible for benefits under the Social Security Act, Plaintiff must prove that she is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* at § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). At Step One, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). At Step Two, if the claimant is not engaged in

substantial gainful activity, the Commissioner looks to see whether the claimant has a severe impairment "which significantly limits claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also,* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also,* 20 C.F.R. §§ 416.920(c), 416.920a(d). At Step Three, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d). At Step Four, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also,* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to her RFC, and the Commissioner is responsible for *developing* the claimant's "complete

medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv); *see also, Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at the fourth step of process).

The claimant bears the burden through Step Four of the analysis. If she meets this burden and shows that she is unable to perform her past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with her impairments and vocational factors such as age, education, and work experience. *See Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the

credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016); *see also, Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

## Decision of the ALJ

In her decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. The ALJ found that Plaintiff had the severe impairment of osteoarthritis of the knees, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After consideration of the entire record, the ALJ assessed Plaintiff's RFC as permitting the performance of light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> She should never climb ladders, ropes or scaffolds or be exposed to unprotected heights or hazardous work environments. [She] can occasionally climb stairs or ramps, and occasionally balance, stoop, crouch, kneel or crawl but avoid concentrated exposure to extreme heat and extreme cold. [She] must be in a position where they can shift position hourly between sitting and standing.

The ALJ found that Plaintiff's past relevant work included a salesclerk, a pizza baker, and a composite job as a housekeeper and institutional cook. The ALJ then determined, considering Plaintiff's age, education, past relevant work experience, and the RFC, and based on the VE testimony, that Plaintiff could perform her past relevant work at the light level. The ALJ continued to Step Five in the alternative. At Step Five, based on VE testimony, the ALJ found that there are also other jobs that exist in significant number in the national economy that Plaintiff could perform, ssuch as an information clerk, storage facility rental clerk and furniture rental clerk. In making this determination, the ALJ acknowledged that Plaintiff was age 49, which is defined as a "younger

individual" (age 18-49), on the alleged disability onset date, but has since changed into the age category of "closely approaching advanced age." 20 C.F.R. §§ 416.963, 404.1563. The ALJ further noted Plaintiff had a limited education. 20 C.F.R. § 404.1564.

The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from the alleged onset date, February 28, 2021, through the date of her decision. 20 CFR § 404.1520(f).

### Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issues here are: (i) whether the RFC is supported by substantial evidence and properly considers the opinion evidence; and (ii) whether the ALJ properly determined that Plaintiff could perform her past relevant work.

### Discussion

#### The RFC and Opinion Evidence

The ALJ acknowledged Plaintiff's impairment of osteoarthritis of the knees and her complaints of pain, finding some restrictions were necessary even though there were inconsistencies as to her allegations and testimony. In support of finding Plaintiff's impairment severe, the ALJ pointed to an MRI of Plaintiff's right knee and x-rays revealing tri-compartment osteoarthritis of both of Plaintiff's knees, which was severe in the medial compartment. However, after consideration of the objective medical evidence and Plaintiff's history, the ALJ declined to find such limitations to warrant a finding of disability. The ALJ determined that Plaintiff could perform light work with the limitations described in the RFC. Light work involves lifting no more

than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 CFR § 404.1567(b). Plaintiff argues that the RFC is not supported by substantial evidence. Specifically, Plaintiff contends that the ALJ erred by not including a limitation of only being able to lift up to fifteen pounds as supported by the opinion evidence.

A claimant's RFC is "the most a claimant can still do despite his or her physical or mental limitations." *Martise*, 641 F.3d at 923 (internal quotations, alteration and citations omitted); 20 C.F.R. § 404.1545(a)(1). It is the claimant's burden rather than the Commissioner's to provide claimant's RFC. *Pearsall,* 274 F.3d at 1217. In formulating a claimant's RFC, the ALJ must consider all the relevant, credible record evidence, including a claimant's medical records, observations from treating and examining physicians, and a claimant's subjective statements. *See Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). "'Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace.' However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley*, 829 F.3d at 931-32 (citation omitted). "[I]n evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox*, 495 F.3d at 619-20 (citation omitted). When evaluating medical opinion evidence, the ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions, including those from Plaintiff's medical sources. *See* 20 C.F.R. § 404.1520c(a). Under the regulations, the ALJ focuses on the persuasiveness of each medical opinion using the five regulatory factors: (1) supportability; (2)consistency; (3) relationship with the claimant; (4) specialization; and (5) any other relevant

factors. *Id.* § 404.1520c(a)-(c). The most important factors the ALJ considers are supportability and consistency. *See Id.* at § 404.1520c(b).

In *Polaski,* the Eighth Circuit held, in evaluating a claimant's subjective complaints and related functional limitations, the ALJ should consider: the absence of objective medical evidence; the claimant's prior work record; and observations by third parties (including treating and examining physicians) regarding such matters as (1) the claimant's daily activities; (2) the duration, frequency, and intensity of pain or other symptoms; (3) any precipitating and aggravating factor; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The Eighth Circuit recognized "[t]he ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." *See Estes v. Barnhart,* 275 F.3d 722, 724 (8th Cir. 2002). If the ALJ explicitly discredits a claimant's subjective complaints and gives good reasons, the Eighth Circuit has held it will defer to the ALJ's judgment, even if the ALJ does not cite to *Polaski* or discuss every factor in depth. *See Schultz v. Astru*e, 479 F.3d 979, 983 (8th Cir. 2007); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004).

In her decision, the ALJ acknowledged Plaintiff's testimony at her hearing that her knee impairments keep her from working because they swell and become stiff, with the right worse than left. Plaintiff reported that she manages pain by soaking her legs in the bathtub, using ice, ibuprofen, elevating her legs, and taking Mobic, a nonsteroidal anti-inflammatory drug. She has received knee injections, but claimed those only help for a week or two. Plaintiff explained that she tries not to take Tramadol because she read bad things about it. As far as physical activity, Plaintiff testified she could lift possibly ten pounds and can go to the grocery store on a good day,

which is once a week. She reported that she can stand approximately ten to fifteen minutes before needing to sit down, but does not require assistive devices.

After reviewing the record as a whole, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence. For instance, the ALJ reviewed Plaintiff's treatment records that show injections were performed in her right knee in July 2020, her left knee in January 2022, and both knees in April 2022. Although Plaintiff testified the injections did not help for very long, after the April 2022 injections, the provider stated that Plaintiff reported good responses to these injections and would like to continue this strategy. The ALJ indicated that the treatment notes have little to no evidence to support that Plaintiff props her legs up throughout the day, and the record typically shows normal gait and station. Plaintiff had not required surgical intervention for either of her knees, and two doctors have told her to wait until she is sixty years of age to undergo knee replacement. Plaintiff also reported that taking Mobic helps with her pain relief. The ALJ pointed out that there was no evidence that Plaintiff has fallen due to her knee impairments, nor does she use assistive devices such as canes, walkers, or durable medical equipment like a shower chair, to support a further reduction in the RFC. For these reasons, the ALJ found that the records show improvement with treatment, which was limited to a prescription for Mobic and three knee injections.  The ALJ properly considered the conservative treatment that Plaintiff received and evidence showing that impairments were managed with treatment as impairments that can be controlled by treatment or medication cannot be considered disabling. *See Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016).

As for daily living, Plaintiff reported that she cleans, does dishes, laundry, drives, shops, and performs personal care tasks. She can cook for an hour at time, but she does not stand the

whole hour. She is also able to care for her dogs and tend to her garden. The ALJ considered the function reports provided by Plaintiff's husband. The ALJ determined that Plaintiff has a broad range of daily activities. Although activities of daily living are not sufficient on their own to prove a plaintiff can work, they can appropriately support the ALJ's decision when considered in conjunction with the medical record. *See Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015).

The ALJ also considered the medical opinions of Julie Knapp, FNP, and internal medicine consultative examiner Angela Berry, CNP. Knapp opined the claimant could occasionally lift or carry five pounds, stand continuously for fifteen minutes, sit eight hours, with limited push, pulling, no climbing, kneeling or crouching, occasionally stooping, frequent balancing, walk for less than half a mile, would need to elevate up her legs up to three times daily for thirty minutes, and recline or assume a supine position up to thirty minutes one to three times daily. The ALJ found Knapp's medical somewhat unpersuasive given Plaintiff's level of daily activity and treatment records explained above.

Berry opined Plaintiff could lift and carry fifteen pounds, occasionally, she can sit frequently but not for long periods and needs frequent position changes, that she can stand frequently but not for long periods, and she can walk frequently but not for long distances. This was supported with detailed examination findings including reduced strength in the right lower extremity, reduced flexion in the spine, and noting that Plaintiff held the wall for support when walking on heels and toes. The examination also revealed intact sensation, negative straight leg raising, normal gait and station. The ALJ found that Berry's findings were generally consistent with imaging, treatment, records showing improvement with treatment, and Plaintiff's daily activities.

Plaintiff argues that the ALJ failed to discuss why she did not impose Berry's finding that Plaintiff could not lift or carry more than fifteen pounds and erred for not including this limitation after finding the medical opinion persuasive. However, the ALJ is free to accept some, but not all, of a medical opinion. *See, e.g., Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (noting that the ALJ is "not required to accept every opinion given" but "must weigh all the evidence in the record"); *Clay v. Barnhart*, 417 F.3d 922, 930 (8th Cir. 2005) (noting that "it is the ALJ's role to resolve conflicts in experts' opinions," including "conflicts ... internal to one expert's opinion"). And the ALJ is not required to "explicitly ... reconcile every conflicting shred" of medical evidence. *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981); *see also* 20 C.F.R. § 404.1520c(b)(1) ("[The ALJ is] not required to articulate how [she] considered each medical opinion ... from one medical source individually.").

Whether the ALJ should have provided additional limitations amounts to a disagreement over the weighing of evidence within the record, and "it is not this Court's role to reweigh that evidence." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022). The ALJ acknowledged that the record supported that Plaintiff has physical impairments, such as trouble completing tasks such as lifting, climbing, performing specific postural movements, and working in specific environmental conditions, as well as a need to shift positions between sitting and standing, and incorporated limitations supported by the record in the RFC. However, after reviewing the opinion evidence, Plaintiff's course of treatment and medications, her level of daily activity, and her work history, the ALJ found that to the extent Plaintiff alleges limitations greater than those set forth in the RFC finding, those allegations are not consistent with or supported by the evidence. In explaining her findings, the ALJ need only "minimally articulate reasons for crediting or rejecting evidence of disability." *Strongson*, 361 F.3d at 1070 (citing *Ingram v. Chater*, 107 F.3d 598, 601

(8th Cir. 1997). The ALJ's decision to discredit additional limitations in the RFC was in conjunction with the record as a whole, which the ALJ adequately explained with good reasons supported by substantial evidence. *See Schwandt v. Berryhill,* 926 F.3d 1004, 1013 (8th Cir. 2019) (substantial evidence supported ALJ's omission of additional limitations from claimant's residual functional capacity, as those limitations were based on claimant's testimony and were undermined by other evidence of record).

Past Relevant Work

"Past relevant work is work that [Plaintiff has] done within the past 15 years, that was substantial gainful activity [SGA], and that lasted long enough for [Plaintiff] to learn to do it." 20 CFR 404.1560(b)(1). The VE identified Plaintiff's past relevant work at the hearing as a salesclerk, a pizza baker, and a composite job as a housekeeper and institutional cook. After considering all of the evidence, the ALJ asked the VE a hypothetical question stating Plaintiff's limitations in a manner consistent with an RFC identical to the one in the ALJ's decision. In response, the VE testified that the individual could perform the past work as a salesclerk and housekeeper.

At Step Four in her decision, the ALJ determined, considering Plaintiff's age, education, past relevant work experience, and the RFC, and based on the VE testimony, that Plaintiff could perform her past relevant work at the light level. At Step Five, the ALJ found, in the alternative, that there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform based on the VE testimony, such as an information clerk, storage facility rental clerk and furniture rental clerk.

Plaintiff challenges the ALJ's finding that she could perform her past relevant work because the ALJ did not cite all of medical examiner Berry's opined limitations, including the

lifting restriction, in her hypothetical questions to the VE.[2] However, as explained in detail above, the record does not support limitations beyond those listed in the RFC finding. *See, e.g., Twyford v. Comm'r, Soc. Sec. Admin.,* 929 F.3d 512, 519 (8th Cir. 2019) (finding that with no error in the RFC determination, Plaintiff cannot prevail on his argument that the VE's testimony was based on an inadequate hypothetical question)*; Nash v. Comm'r, Soc. Sec. Admin*., 907 F.3d 1086, 1090 (8th Cir. 2018) (holding that the ALJ is not required to ask VE hypotheticals on limitations that were not credible); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006) (ALJ need not rely on vocational expert testimony elicited in response to a hypothetical question that includes greater limitations than those ultimately included in the RFC determination). In the ALJ's hypothetical questions to the VE, the ALJ included only those limitations that she found were supported by the record. The Court "review[s] the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but [does] not require an ALJ to mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). The substantial evidence in the record as a whole supports the ALJ's findings in Step Four that Plaintiff was not disabled.

## Conclusion

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Estes*, 275 F.3d at 724. So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case

---

[2] Plaintiff appears to also argue that if the ALJ had been limited Plaintiff to sedentary work, then she could not perform her past relevant work and may have been found to be disabled. However, the ALJ found Plaintiff was capable of light work with the limitations set forth in the RFC, which the Court determined was supported by the record as a whole. Thus, a hypothetical finding that sedentary work would have changed the outcome of the ALJ's decision is not relevant here.

differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). For the reasons stated above, the Court finds the ALJ's decision that Plaintiff was not disabled is supported by substantial evidence on the record, and therefore, the Commissioner's decision will be affirmed. *Perkins v. Astrue*, 648 F.3d 892, 900 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED**.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 13th day of September, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE